IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NEW HAVEN

JUL 1 8 2002

MICROFILM

PARCC HEALTH CARE, INC.,                    :
                                            :
            Plaintiff,                      :
                                            :
      v.                                    :      Civil No. 3:01CV00379
                                            :      Honorable Janet Bond Arterton
UNITED STATES OF AMERICA,                   :
COMMISSIONER OF INTERNAL                    :
REVENUE, and DEPARTMENT OF                  :
THE TREASURY,                               :
                                            :
            Defendants.                     :
_____:

FILED
JUL 15  2 46 PM '02
U S DISTRICT COURT
NEW HAVEN, CONN.

## STIPULATED DISMISSAL AND ENTRY OF JUDGMENT

It is hereby stipulated and agreed that, pursuant to 26 U.S.C. §§6621, and 6622, and 28

U.S.C. §1961(c), judgment may be entered in favor of the plaintiff, PARCC Health Care, Inc., and

against the United States of America, on plaintiff's claims to an overpayment of the penalties assessed

against plaintiff for failure to pay employment taxes (Form 941) withheld from the plaintiff's employees

for the following quarterly tax periods, and for the penalties assessed against plaintiff for failure to pay

employment taxes (Form 940) withheld from the plaintiff's employees for the following tax years, for an

overpayment in the following amounts, plus interest from the following dates of payment. Such

overpayment is subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff

on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000, copies of

which are attached hereto, as well as any other provisions of law.

| FORM | TAX PERIOD ENDING | PENALTY AMOUNT | DATE OF PAYMENT |
|---|---|---|---|
| 941 | September 30, 1995 | $375.49 | July 18, 1996 |
| 941 | December 31, 1995 | $9,423.55 | April 26, 1999 |
| 941 | March 31, 1996 | $6,466.38 | October 17, 1997 |
| 941 | December 31, 1996 | $3,233.65 | August 10, 1998 |
| 941 | March 31, 1997 | $285.19 | February 17, 1998 |
| 941 | June 30, 1997 | $1,016.64 | June 9, 1998 |
| 940 | December 31, 1995 | $156.35 | June 24, 1996 |
| 940 | December 31, 1996 | $42.12 | November 9, 1998 |
| 940 | December 31, 1997 | $281.99 | May 24, 2000 |

It is further hereby stipulated and agreed that, pursuant to 26 U.S.C. §§6621, and 6622, and

28 U.S.C. §1961(c), judgment may be entered in favor of the plaintiff, PARCC Health Care, Inc., and

against the United States of America, on plaintiff's claims to an overpayment of the penalties assessed

against plaintiff for failure to deposit employment taxes (Form 941) withheld from the plaintiff's

employees for the following quarterly tax periods, and for the penalties assessed against plaintiff for

failure to deposit employment taxes (Form 940) withheld from the plaintiff's employees for the

following tax years, for an overpayment in the following amounts, plus interest from the following dates

of payment. Such overpayment is subject to the rights and obligations of the Offer in Compromise

submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June

15, 2000, copies of which are attached hereto, as well as any other provisions of law.

| FORM | TAX PERIOD ENDING | PENALTY AMOUNT | DATE OF PAYMENT |
|---|---|---|---|
| 941 | September 30, 1995 | $13,755.27 | July 18, 1996 |
| 941 | December 31, 1995 | $37,496.17 | April 26, 1999 |
| 941 | March 31, 1996 | $28,367.98 | July 21, 1997 |
| 941 | June 30, 1996 | $7,839.94 | October 17, 1997 |
| 941 | December 31, 1996 | $16,586.05 | August 10, 1998 |
| 941 | March 31, 1997 | $6,017.13 | February 17, 1998 |
| 941 | June 30, 1997 | $26,439.85 | June 9, 1998 |
| 940 | December 31, 1995 | $1,042.35 | June 24, 1996 |
| 940 | December 31, 1996 | $24,642.50 | November 9, 1998 |
| 940 | December 31, 1997 | $1,203.84 | May 24, 2000 |

It is further hereby stipulated and agreed that in all other respects the plaintiff's action for

overpayment is dismissed with prejudice, with each party to bear their respective costs, including any

attorneys' fees or other expenses of this litigation, except that plaintiff's claim for an overpayment of the

penalties assessed against plaintiff for failure to file timely quarterly employment tax returns, to pay and

deposit employment taxes withheld from the plaintiff's employees for the quarterly tax period ending

December 31, 1997, is dismissed for lack of jurisdiction.

It is further hereby stipulated and agreed that the Court shall retain jurisdiction over the enforcement of this judgment.

For Plaintiff, PARCC Health Care, Inc.

KENNETH A. VOTRE
667 State Street
New Haven, Connecticut 06511
(203) 562-9955
Ct. 05981

**IT IS SO ORDERED.**
**Date:** 18 July 2002

For Defendant, United States of America,

ELIZABETH LAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

HON. JANET BOND ARTERTON
United States District Judge

FILED
Jul 18  2 59 PM '02
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 656 (Rev. 1-2000)
Catalog Number 16728N

**Form 656** ~~Amended~~

# Offer in Compromise

### Item 1 — Taxpayer's Name and Home or Business Address

Name  RABCC Health Care Inc

Name  Astoria Park

Street Address  735 Park Ave

City  Bridgeport    State  CT    ZIP Code  06604

**Mailing Address** *(if different from above)*

Street Address

City    State    ZIP Code

---

### Item 2 — Social Security Numbers

(a) Primary _____

(b) Secondary _____

### Item 3 — Employer Identification Number *(included in offer)*

_____ 06-1132548

### Item 4 — Other Employer Identification Numbers *(not included in offer)*

_____
_____
_____
_____

### Item 5 — To: Commissioner of Internal Revenue Service

I/We (includes all types of taxpayers) submit this offer to compromise the tax liabilities plus any interest, penalties, additions to tax, and additional amounts required by law (tax liability) for the tax type and period marked below: (Please mark an "X" in the box for the correct description and fill-in the correct tax period(s), adding additional periods if needed).

❑ 1040/1120 Income Tax — Year(s) _____

☒ 941 Employer's Quarterly Federal Tax Return — Quarterly period(s) 9-30-97, 12-31-97, 3-31-98
6-30-98, 9-30-98, 12-31-98, 3-31-2000

☒ 940 Employer's Annual Federal Unemployment (FUTA) Tax Return — Year(s) 12-31-98

❑ Trust Fund Recovery Penalty as a responsible person of (enter corporation name)

_____
for failure to pay withholding and Federal Insurance Contributions Act Taxes (Social Security taxes), for period(s) ending _____

❑ Other Federal Tax(es) [specify type(s) and period(s)] _____

*Note: If you need more space, use another sheet titled "Attachment to Form 656 Dated _____." Sign and date the attachment following the listing of the tax periods.*

---

### Item 6 — I/we submit this offer for the reason(s) checked below:

❑ **Doubt as to Liability** — "I do not believe I owe this amount." You must include a detailed explanation of the reason(s) why you believe you do not owe the tax in item 9.

☒ **Doubt as to Collectibility** — "I have insufficient assets and income to pay the full amount." You must include a complete financial statement, Form 433-A and/or Form 433-B.

❑ **Effective Tax Administration** — "I owe this amount and have sufficient assets to pay the full amount, but due to my exceptional circumstances, requiring full payment would cause an economic hardship or would be unfair and inequitable." You must include a complete financial statement, Form 433-A and/or Form 433B and complete item 9.

### Item 7

I/we offer to pay $ 500,000.00

❑ Paid in full with this offer.

❑ Deposit of $ _____ is attached to this offer.

☒ No deposit.

*Note: Make all checks payable to: The United States Treasury*

Check one of the following:

❑ **Cash Offer** (Offered amount will be paid in 90 days or less.)

Balance to be paid in: _____ 10, _____ 30, _____ 90 days from notice of acceptance of the offer. If more than one payment will be made during the time frame checked, provide the amount and date of the payment on the line below.

❑ **Short Term Deferred Payment Offer** (Offered amount paid in more than 90 days but within 24 months.)

Amount of monthly payment _____

Monthly payment date _____

Date offered amount will be paid in full _____

Other terms for payment _____

☒ **Deferred Payment Offer** (Offered amount will be paid over the life of the collection statute.)

Amount of monthly payment $ 7,339.45

Monthly payment date 30th of each month.

Other terms for payment Payment will commence on May XX XX, 2001 and run for 189 consecutive months.

**Item 8 — By submitting this offer, I/we understand and agree to the following conditions:**

(a) I/we voluntarily submit all payments made on this offer.

(b) The IRS will apply payments made under the terms of this offer in the best interest of the government.

(c) If the IRS rejects or returns the offer or I/we withdraw the offer, the IRS will return any amount paid with the offer. If I/we agree in writing, IRS will apply the amount paid with the offer to the amount owed. If I/we agree to apply the payment, the date the IRS received the offer remittance will be considered the date of payment. I/we understand that the IRS will not pay interest on any amount I/we submit with the offer.

(d) **I/we will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years or until the offered amount is paid in full, whichever is longer. In the case of a jointly submitted offer to compromise joint tax liabilities, I/we understand that default with respect to the compliance provisions described in this paragraph by one party to this agreement will not result in the default of the entire agreement. The default provisions described in Item 8(o) of this agreement will be applied only to the party failing to comply with the requirements of this paragraph. This provision does not apply to offers based on Doubt as to Liability.**

(e) I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for the IRS assessment of the tax liability for the tax periods identified in Item 5. I/we understand that the statute of limitations for collection will be suspended during the period an offer is considered pending by the IRS (paragraph (m) defines pending).

(f) The IRS will keep all payments and credits made, received or applied to the total original tax liability before submission of this offer. The IRS may keep any proceeds from a levy served prior to submission of the offer, but not received at the time the offer is submitted. If I/we have an installment agreement prior to submitting the offer, I/we must continue to make the payments as agreed while this offer is pending. Installment agreement payments will not be applied against the amount offered.

(g) **The IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. This condition does not apply if the offer is based on Doubt as to Liability.**

(h) I/we will return to the IRS any refund identified in (g) received after submission of this offer. This condition does not apply to offers based on Doubt as to Liability.

(i) The IRS cannot collect more than the full amount of the tax liability under this offer.

(j) I/we understand that I/we remain responsible for the full amount of the tax liability, unless and until the IRS accepts the offer in writing and I/we have met all the terms and conditions of the offer. The IRS will not remove the original amount of the tax liability from its records until I/we have met all the terms of the offer.

(k) I/we understand that the tax I/we offer to compromise is and will remain a tax liability until I/we meet all the terms and conditions

of this offer. If I/we file bankruptcy before the terms and conditions of this offer are completed, any claim the IRS files in the bankruptcy proceedings will be a tax claim.

(l) Once the IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability.

(m) The offer is pending starting with the date an authorized IRS official signs this form. The offer remains pending until an authorized IRS official accepts, rejects, returns or acknowledges withdrawal of the offer in writing. If I/we appeal an IRS rejection decision on the offer, the IRS will continue to treat the offer as pending until the Appeals Office accepts or rejects the offer in writing. If I/we don't file a protest within 30 days of the date the IRS notifies me/us of the right to protest the decision, I/we waive the right to a hearing before the Appeals Office about the offer in compromise.

(n) The waiver and suspension of any statutory periods of limitation for assessment of the tax liability described in Item 5, continue to apply:

- while the offer is pending [see (m) above]

- during the time I/we have not paid all of the amount offered

- during the time I/we have not completed all terms and conditions of the offer

- for one additional year beyond each of the time periods identified in this paragraph

(o) If I/we fail to meet any of the terms and conditions of the offer and the offer defaults, then the IRS may:

- immediately file suit to collect the entire unpaid balance of the offer

- immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payment already received under the terms of this offer

- disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of the tax liability

- file suit or levy to collect the original amount of the tax liability, without further notice of any kind.

(p) The IRS generally files a Notice of Federal Tax Lien to protect the Government's interest on deferred payment offers. This tax lien will be released when the payment terms of the offer agreement have been satisfied.

(q) I/we understand that Internal Revenue Service employees may contact third parties in order to respond to this request, and I authorize such contacts to be made. Further, by authorizing the Internal Revenue Service to contact third parties, I understand that I will not receive notice pursuant to section 7602(c) of the Internal Revenue Code of third parties contacted in connection with this request.

## Item 9 — Explanation of Circumstances

I am requesting an offer in compromise for the reason(s) listed below:

*Note: If you are requesting compromise based on doubt as to liability, explain why you don't believe you owe the tax. If you believe you have special circumstances affecting your ability to fully pay the amount due, explain your situation. You may attach additional sheets if necessary.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## Item 10

If I/we submit this offer on a substitute form, I/we affirm that this form is a verbatim duplicate of the official Form 656, and I/we agree to be bound by all the terms and conditions set forth in the official Form 656.

Under penalties of perjury, I declare that I have examined this offer, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete.

_____
10(a) Signature of Taxpayer — proponent

_____
Date

_____
10(b) Signature of Taxpayer — proponent

_____
Date

For Official Use Only

_____
Signature of Authorized Internal Revenue Service Official

_____
Title

5-24-2000

_____
Date

**OFFICIAL USE ONLY**

MAY 2 4 2000

Department of the Treasury

INTERNAL REVENUE SERVICE
15 High Street, Stop 155
Hartford, CT   06103

Date of this Letter: JUN 15 2000

Person to Contact:
Howard Smith
Employee #: 06-01192
Phone#: (860)258-2086
08:15am-04:45pm Mon-Fri

Taxpayer ID#: 06-1132548
Offer Number: 060000276

PARCC HEALTH CARE, INC.
725 PARK AVENUE
BRIDGEPORT, CT 06604

Dear PARCC HEALTH CARE, INC.,

We have accepted your offer in compromise signed and dated
by you on 05/18/2000.  The date of acceptance is the date of this
letter and our acceptance is subject to the terms and conditions
on the enclosed Form 656, Offer in Compromise.

Please note that the conditions of the offer require you to
file and pay all required taxes for five tax years or the period
of time payments are being made on the offer, whichever is
longer. This will begin on the date shown in the upper right
hand corner of this letter. Additionally, please remember that
the conditions of the offer include the provision that as
additional consideration for the offer, we will retain any
refunds or credits that you may be entitled to receive for 2000
or for earlier tax years.  This includes refunds you receive in
2001 for any overpayments you made toward tax year 2000 or
toward earlier tax years.  The Notice of Federal Tax Lien will
be released when the offer amount is paid in full.

If you are required to make any payments under this
agreement, make your check or money order payable to the United
States Treasury and send it to:
                     Internal Revenue Service
                     Offer in Compromise Unit
                     P.O. Box 9047 Stop 834
                     ANDOVER, MA  01810-0947

You must promptly notify the Internal Revenue Service of any
change in your address.  This will ensure we have the proper
address to advise you of the status of your offer.

If you have submitted a joint offer with your spouse or
former spouse and you personally are meeting or have met all the
conditions of your offer agreement, but your spouse or former
spouse fails to adhere to the conditions of the offer agreement,
your offer agreement will not be defaulted.

continued on next page

RE: Offer#: 060000276    Taxpayer ID#: 06-1132548

If you fail to meet any of the terms and conditions of the offer, the Internal Revenue Service will issue a notice to default the agreement. After issuance of the notice the Internal Revenue Service may:

- Immediately file suit to collect the entire unpaid balance of the offer.

- Immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payments already received under the terms of this offer.

- Disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of the tax liability.

- File suit or levy to collect the original amount of the tax liability, without further notice of any kind.

If you have any questions, please contact the person whose name and telephone number are shown in the upper right hand corner of this letter.

Sincerely,

ROBERT J. NADEAU
CHIEF, SPECIAL PROCEDURES

Enclosure:
cc:POA

SB Letter Accept(AOIC)

## OFFER ACCEPTANCE REPORT

: Name:
IEALTH CARE, INC.
: Address:
RK AVENUE
PORT, CT 06604

Employer Identification Number:
06-1132548
Social Security Number:

### Liability Description
(See attached transcript(s))

| ID# | Type of Tax | Tax Period | Dt Assessed | Balance as of 05/29/2000 |
|-----|-------------|------------|-------------|---------------------------|
| 32548 | 941 | 09/30/1997 | 08/24/1998 | 298,499.80 |
| 32548 | 941 | 12/31/1997 | 08/24/1998 | 255,343.81 |
| 32548 | 941 | 03/31/1998 | 07/20/1998 | 302,652.45 |
| 32548 | 941 | 06/30/1998 | 09/07/1998 | 297,064.15 |
| 32548 | 941 | 09/30/1998 | 12/21/1998 | 39,499.46 |
| _32548 | 941 | 12/31/1999 | 03/20/2000 | 31,117.60 |
| L132548 | 941 | 3-31-3008 | 05/01/2000 | 30,393.82 |
| | 940 | 12/31/1998 | 12/06/1998 | 352,935.05 |

Total Liability:   $1,607,506.14

of this Offer:
The total sum of $800,000.00 to be paid in 109 consecutive
onthly installments of $7,339.45 commencing May 20, 2000.
e payments are due on the 20th of each month, subject to the
nditions and provisions stated on Form 656.

or acceptance of this offer:

Doubt as to Collectibility
er's assets and income are less than the tax liability.

fer is consistent with the taxpayer's ability to pay.

Date: 5-24-2000
SMITH
OFFICER

Recommended By
George Zukauskas   Date: / / 2000
GEORGE ZUKAUSKAS
SPF ADVISOR/REVIEWER

ept.

Date: 6/15/00
J. NADEAU
SPECIAL PROCEDURES

This offer meets the legal requirements
for compromise.
Date JUN 9 2000

Signature
Title of Counsel   District Counsel, CC:NER:CTR:HAR

ed Form 7249 (Rev. 1-94)
nt of the Treasury - Internal Revenue Service