IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARCC HEALTH CARE, INC., : <br> : <br> Plaintiff, : <br> : <br> v.    : <br> : <br> UNITED STATES OF AMERICA, : <br> COMMISSIONER OF INTERNAL : <br> REVENUE, and DEPARTMENT OF : <br> THE TREASURY, : <br> : <br> Defendants. : <br> _____: | Civil No. 3:01CV00379 <br> Honorable Janet Bond Arterton |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION
TO ENFORCE JUDGMENT**

The United States, by its undersigned counsel, responds to plaintiff's Motion to Enforce Judgment in the above-captioned proceeding. Plaintiff seeks to enforce the judgment entered by the Court on July 18, 2002, and to compel the United States to pay the judgment plus interest at the judgment rate. Plaintiff's motion should be denied because there are no amounts due pursuant to the judgment as the IRS was entitled to retain any refunds pursuant to the earlier offer in compromise submitted by plaintiff and accepted by the IRS.

**FACTUAL BACKGROUND**

Plaintiff commenced this action seeking a refund of penalties assessed by the IRS for returned checks, failure to timely file quarterly employment tax returns, failure to deposit and pay employment taxes withheld from the plaintiff's employees for the quarterly tax periods September 30, 1995, December 31, 1995, March 31, 1996, June 30, 1996, December 31, 1996, March 31, 1997, June 30, 1997, and December 31, 1997. Plaintiff also sought a refund for

penalties assessed for failure to timely file annual federal employment tax returns and failure to timely deposit and pay unemployment taxes withheld from the plaintiff's employees for the tax years ending December 31, 1995, December 31, 1996, and December 31, 1997.

On June 27, 2002, the Court granted the United States' Motion for Summary Judgment with respect to the penalties for plaintiff's failure to file employment tax returns and for bouncing checks, and denied the United States' Motion for Summary Judgment with respect to the failure to timely pay and deposit employment taxes. Thereafter, during trial preparations, counsel for the United States learned that an offer in compromise had been submitted by plaintiff on May 18, 2000, and accepted by the IRS on June 15, 2000. Pursuant to the terms of that offer in compromise, any refund due to plaintiff for earlier tax periods through the year 2000, would be retained by the IRS. Thus, any refunds due plaintiff in connection with its lawsuit would ultimately be retained by the IRS. In the interests of judicial economy, because the United States was entitled to any refund anyway, the United States stipulated to dismiss this proceeding and for the entry of judgment against it for overpayment of the remaining liabilities at issue, subject to the rights and obligations of the offer in compromise.[1] *See* Dkt. No. 28. Copies of the offer in compromise and acceptance letter were attached to the Stipulated Dismissal and Entry of Judgment that was entered by the Court on July 18, 2002.

## ARGUMENT

It is well-settled that a compromise settlement of tax liabilities, conforming to the

---

[1] The plaintiff agreed to dismiss its claims for an overpayment for the penalties assessed against it for failure to file timely quarterly employment tax returns, to pay and deposit employment taxes for the quarterly tax period ending December 31, 1997, for lack of jurisdiction.

requirements of 26 U.S.C. § 7122, is a binding contract. *See Cooper Agency v. United States*, 301 F. Supp. 871, 875 (D.S.C. 1969), *aff'd*, 422 F.2d 1331 (4th Cir. 1970). *See also Waller v. United States*, 767 F. Supp. 1042 (E.D. Cal. 1991).

Plaintiff offered to compromise the unpaid tax liabilities for the Plaintiff's Form 941 quarterly employment tax liabilities for the periods ending September 30, 1997, December 31, 1997, March 31, 1998, June 30, 1998, September 30, 1998, December 31, 1999, March 31, 2000, and the plaintiff's Form 940 annual employment tax liability for the period ending December 31, 1998, for the amount of $800,000.00, which would be paid in monthly payments in the amount of $7,339.45, commencing on May 20, 2000, and running for 109 consecutive months. The terms of the agreement between the IRS and plaintiff also clearly provided that the right to retain any refunds or credits that plaintiff was due "for 2000 or for earlier tax years," constituted "additional consideration" for plaintiff's offer. Indeed, Item 8(g) of plaintiff's offer in compromise stated, in bold print:

> **The IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. This condition does not apply if the offer is based on Doubt as to Liability.**

Further, the IRS's acceptance letter also stated, in part:

> Additionally, please remember that the conditions of the offer include the provision that *as additional consideration for the offer, we will retain any refunds or credits that you may be entitled to receive for 2000 or for earlier tax years*. This includes refunds you receive in 2001 for any overpayments you made toward tax year 2000 or toward earlier tax years. (Emphasis added.)

Thus, any refund recovered by plaintiff through this action was to be retained by the IRS as consideration in addition to the $800,000.00 offered by plaintiff in its offer in compromise. Indeed, the Stipulated Dismissal and Entry of Judgment entered in this action specifically stated that the plaintiff's claims to an overpayment for the liabilities at issue in this case were "subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000." Thus, while judgment was entered in favor of the plaintiff on its claims to an overpayment, the IRS was entitled to retain any overpayments that plaintiff was due in accordance with the terms of the offer in compromise. The United States has recently requested that the IRS abate the penalties at issue and to apply the overpayments generated by the abatements toward the remaining balance due under the plaintiff's offer in compromise. There will be no refunds due plaintiff as a result of this request. As such, there are no amounts due pursuant to the judgment and plaintiff's motion should be denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
United States Attorney

*/s/ Elizabeth Lan Davis*
ELIZABETH LAN DAVIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
Telephone: (202) 307-6550
Facsimile: (202) 514-5238
E-Mail: Elizabeth.Lan@usdoj.gov

-4-

2325286.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARCC HEALTH CARE, INC., | : |
| Plaintiff, | : |
| v. | : Civil No. 3:01CV00379 |
| | : Honorable Janet Bond Arterton |
| UNITED STATES OF AMERICA, COMMISSIONER OF INTERNAL REVENUE, and DEPARTMENT OF THE TREASURY, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2007, a copy of the foregoing United States' Response to Motion to Enforce Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Elizabeth Lan Davis*
ELIZABETH LAN DAVIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, DC 20044
Telephone: (202) 307-6550
Facsimile: (202) 514-5238
E-Mail: Elizabeth.Lan@usdoj.gov

-5-

2325286.1