IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARCC HEALTH CARE, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> COMMISSIONER OF INTERNAL : <br> REVENUE, and DEPARTMENT OF : <br> THE TREASURY, : <br> : <br> Defendants. : <br> _____: | Civil No. 3:01CV00379 <br> Honorable Janet Bond Arterton |

### UNITED STATES' RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE JUDGMENT

The United States, by its undersigned counsel, responds to plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Enforce Judgment and in Reply to the United States' Response (hereinafter "memorandum") in the above-captioned proceeding.[1] Plaintiff seeks to enforce the judgment entered by the Court on July 18, 2002, by seeking to compel the United States to pay the judgment plus interest at the judgment rate. Plaintiff's memorandum contends that the United States is equitably estopped from refusing to pay the judgment because it did not raise setoff as an affirmative defense in its answer or in its motion for summary judgment. Plaintiff's contention should be rejected for two reasons.

First, the doctrine of equitable estoppel is inapposite here. The principle of equitable

---

[1] The United States previously responded to plaintiff's Motion to Enforce Judgment, which did not include a memorandum in support, on March 21, 2007. *See* Dkt. No. 30. Plaintiff subsequently filed its memorandum in support of its motion and in reply to the United States' response on May 8, 2007, which raises arguments that were not addressed in its initial motion. *See* Dkt. No. 35.

2479397.1

estoppel is not applied to the United States on the same terms as it is to private citizens. *See United States v. Boccanfuso*, 882 F.2d 666, 670 (2d Cir. 1989); *see also Heckler v. Commun. Health Servs.*, 467 U.S. 51, 60 (1984). Equitable estoppel is to be applied against the United States "with utmost caution and restraint." *Estate of Carberry v. Commissioner*, 933 F.3d 1124, 1127 (2d Cir. 1991); *Ranciato v. United States*, 2001 WL 58827, *4 (D. Conn. Jan. 23, 2001) (Hall, J.). The party claiming the estoppel must have relied on its adversary's conduct "in such a manner as to change his position for the worse. . . and that reliance must have been reasonable in that the party claiming estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler*, 467 U.S. at 59. In addition, where the proffered justification for estoppel is a government misdeed, some form of affirmative misconduct is generally required; negligence alone is insufficient to justify the application of equitable estoppel against the government. *See Azizi v. Thornburg*, 908 F.2d 1130, 1136 (2d Cir. 1990).

      Here, plaintiff does not assert, nor can it assert, any misrepresentation or affirmative misconduct by the United States in this proceeding. Prior to trial, the United States informed counsel for plaintiff that, even if the plaintiff prevailed in the lawsuit, any refunds due to the plaintiff would be retained by the IRS based upon the terms of the offer in compromise submitted by the plaintiff and accepted by the IRS. In the interests of judicial economy, plaintiff and the United States subsequently agreed to a Stipulated Dismissal and Entry of Judgment, which was subject to the rights and obligations of the offer in compromise. Should plaintiff contend that it was somehow misled because the United States' answer or motion for summary judgment did not include the affirmative defense of a setoff, any inadvertent failure of the United States to amend its answer to include this affirmative defense clearly cannot rise to the level of

misrepresentation or affirmative misconduct. Thus, the doctrine of equitable estoppel is inappropriate here.

Second, plaintiff's contention that the United States waived the affirmative defense of setoff by failing to raise it in its pleadings or its summary judgment is belied by the fact that plaintiff consented to the defense by stipulating to the terms of the judgment without objection. The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). An affirmative defense is not waived to the extent that the party who should have pled the defense introduces evidence in support thereof without objection by the adverse party or that the opposing party's own evidence discloses the defense, necessarily indicating his express consent. *Fed. Sav. & Loan Ins. Corp. v. Hogan*, 476 F.2d 1182, 1187 (7th Cir. 1973). Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise. *Tillman v. Nat'l City Bank of New York*, 118 F.2d 631, 635 (2d Cir. 1941); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855 (5th Cir. 1983) ("Where [an affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with Rule 8(c) is not fatal").

There has been no waiver here. Plaintiff cannot claim unfair surprise when it consented, without any objection, to the defense by agreeing to the language of the proposed judgment that specifically incorporated the terms of the offer in compromise. While plaintiff's memorandum incredulously contends that the terms of the offer in compromise were "never submitted to the

Court nor agreed upon by the parties," this contention is undermined by the fact that plaintiff *stipulated* to the terms of the judgment. The judgment specifically stated that the plaintiff's claims to an overpayment for the liabilities at issue were "subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000." As such, plaintiff expressly consented to the defense by agreeing to the terms of the judgment.[2]

Plaintiff's argument that the judgment "does not even attempt to explain the effect of Offer-In-Compromises," and that "there is no way to determine the effect absent a trial," is bereft of merit. Had plaintiff wanted a judicial determination as to the effect of the offer in compromise, then it should not have agreed to dismiss this proceeding before such a determination could be made. Plaintiff failed to do so. Plaintiff clearly knew about the terms of the offer in compromise that it submitted to the IRS. Plaintiff cannot claim that it was unfairly surprised when it agreed to the terms of the judgment. Because the United States has not waived the affirmative defense of setoff, plaintiff's motion should be denied.

---

[2] To the extent plaintiff's motion seeks relief from the judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure based upon mistake, inadvertence, surprise or excusable neglect, plaintiff is plainly out of time. Rule 60(b) specifically states that such a motion "shall be made within a reasonable time," and, for motions under Rule 60(b)(1), not more than one year after the judgment was entered or taken. The judgment was entered by the Court nearly five years ago. Clearly such relief is untimely.

## CONCLUSION

The Stipulated Dismissal and Entry of Judgment was entered by the Court on July 15, 2002. Nearly five years later, plaintiff now asks the Court to allow it to renege upon its earlier settlement agreement with the IRS by forcing the United States to pay amounts that the United States was entitled to retain under the settlement, based solely upon a technicality. Plaintiff cannot claim it was unfairly surprised by the incorporation of the terms of the settlement agreement in the judgment when plaintiff agreed to the terms of the judgment without objection. As such, for the reasons set forth above and in the United States' initial response, plaintiff's motion should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
United States Attorney

*/s/ Elizabeth Lan Davis*
ELIZABETH LAN DAVIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
Telephone: (202) 307-6550
Facsimile: (202) 514-5238
E-Mail: Elizabeth.Lan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARCC HEALTH CARE, INC., : : Plaintiff, : : v. : : UNITED STATES OF AMERICA, : COMMISSIONER OF INTERNAL : REVENUE, and DEPARTMENT OF : THE TREASURY, : : Defendants. : _____: | Civil No. 3:01CV00379 Honorable Janet Bond Arterton |

### CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, a copy of the foregoing United States' Response to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Enforce Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      */s/Elizabeth Lan Davis*
                                                      ELIZABETH LAN DAVIS
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Post Office Box 55
                                                      Washington, DC 20044
                                                      Telephone: (202) 307-6550
                                                      Facsimile: (202) 514-5238
                                                      E-Mail: Elizabeth.Lan@usdoj.gov