IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
PARCC HEALTH CARE, INC., ET AL.                        :   3:01 CV 379 (JBA)
                                                       :
v.                                                     :
                                                       :
IRS, ET AL                                             :   DATE: AUGUST 14, 2007
-------------------------------------------------------x
```

RECOMMENDED RULING ON MOTION TO ENFORCE SETTLEMENT

On March 9, 2001, plaintiffs PARCC Health Care, Inc. ["PARCC"] and Donald Franco commenced this litigation against the Internal Revenue Service ["IRS"] (Dkt. #1), and on July 15, 2002, the parties entered a Stipulation of Dismissal and Entry of Judgment, which was endorsed with modification by United States District Judge Janet Bond Arterton three days later, thereby closing the case. (Dkt. #28).

On March 2, 2007, plaintiff filed the pending Motion to Enforce Judgment (Dkt. #29),[1] to which the IRS filed its response nineteen days later. (Dkt. #30). Plaintiffs filed their reply brief on May 8, 2007 (Dkt. #35; see also Dkts. ##31-34),[2] and on May 25, 2007, the IRS filed its response. (Dkt. #36).

On June 21, 2007, Judge Arterton referred the pending motion to this Magistrate Judge. (Dkt. #37).

For the reasons stated below, plaintiffs' Motion to Enforce Judgment (Dkt. #29) is

---

[1] Attached is a copy of the Stipulated Dismissal and Entry of Judgment, ordered July 18, 2002, attached to which is a copy of the IRS Amended Offer in Compromise, dated May 24, 2000; a copy of an acceptance letter from the IRS, dated June 15, 2000; and a copy of the Offer Acceptance Report, signed June 15, 2000.

[2] Attached to plaintiff's reply brief (Dkt. #35) are the following: copy of this Court's Ruling on Motion for Summary Judgment, PARCC Health Care, Inc. v. United States, 238 F. Supp. 2d 435 (D. Conn. 2002); and another copy of Stipulated Dismissal and Entry of Judgment.

denied.

## I. DISCUSSION

Plaintiffs commenced this action seeking a refund of penalties assessed by the IRS for returned checks, failure to timely file quarterly employment tax returns, failure to deposit and pay employment taxes withheld from plaintiff PARCC's employees for the tax periods September 30 and December 31, 1995, March 31, June 30 and December 31, 1996 and March 31, June 30 and December 31, 1997. (Dkt. #30, at 1-2; Dkt. #35, at 1). Additionally plaintiffs sought a refund of penalties assessed for failure to timely file annual federal employment tax returns and to deposit and pay unemployment taxes withheld from plaintiff's employees for the tax years ending December 31, 1995, December 31, 1996, and December 31, 1997. (Dkt. #30, at 1-2; Dkt. #35, at 1-2). As stated above, on July 15, 2002, the parties entered a Stipulation of Dismissal and Entry of Judgment,[3] which was endorsed with modification by Judge Arterton three days later. (Dkt. #28).

The agreement provided for entry of judgment in favor of plaintiff PARCC against defendant IRS, on plaintiff's claims to an overpayment of the penalties assessed against plaintiff for failure to pay employment taxes (Form 941) withheld from its employees for the tax periods ending September 30 and December 31, 1995, March 31 and December 31, 1996, March 31 and June 30, 1997, and penalties and interest assessed (Form 940) for the tax periods ending December 31, 1995, December 31,1996, and December 31, 1997;[4] and

---

[3]The Stipulation of Dismissal and Entry of Judgment specifically provides for this Court's retention of jurisdiction over the enforcement of the judgment. (See Stipulation of Dismissal & Entry of Judgment at 4).

[4]Specifically, the agreement stipulates to the following:

entry of judgment in favor of PARCC on plaintiffs' claims to an overpayment of the penalties assessed against plaintiff for failure to deposit employment taxes (Form 941) withheld from its employees for the tax periods ending September 30 and December 31, 1995, March 31, June 30, and December 31, 1996, March 31, and June 30, 1997, and for penalties (Form 940) and interest, for the tax periods ending December 31, 1995, December 31, 1996, December 31, 1997.[5]

| FORM | TAX PERIOD ENDING | PENALTY AMOUNT | DATE OF PAYMENT |
|---|---|---|---|
| 941 | September 30, 1995 | $375.49 | July 18, 1996 |
| 941 | December 31, 1995 | $9,423.55 | April 26, 1999 |
| 941 | March 31, 1996 | $6,466.38 | October 17, 1997 |
| 941 | December 31, 1996 | $3,233.65 | August 10, 1998 |
| 941 | March 31, 1997 | $285.19 | February 17, 1998 |
| 941 | June 30, 1997 | $1,016.64 | June 9, 1998 |
| 940 | December 31, 1995 | $156.35 | June 24, 1996 |
| 940 | December 31, 1996 | $42.12 | November 9, 1998 |
| 940 | December 31, 1997 | $281.99 | May 24, 2000 |

(Stipulated Dismissal. & Entry of Judgment at 2).

[5]Specifically, the agreement stipulates to the following:

| FORM | TAX PERIOD ENDING | PENALTY AMOUNT | DATE OF PAYMENT |
|---|---|---|---|
| 941 | September 30, 1995 | $13,755.27 | July 18, 1996 |
| 941 | December 31, 1995 | $37,496.17 | April 26, 1999 |
| 941 | March 31, 1996 | $28,367.98 | July 21, 1997 |
| 941 | June 30,1996 | $7,839.94 | October 17, 1997 |
| 941 | December 31, 1996 | $16,586.05 | August 10, 1998 |
| 941 | March 31, 1997 | $6,017.13 | February 17, 1998 |
| 941 | June 30, 1997 | $26,439.85 | June 9, 1998 |

The terms of Stipulated Dismissal and Entry of Judgment were subject to the "rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000," copies of which were attached. (Stipulated Dismissal & Entry of Judgment at 1-2).

In their pending motion, plaintiffs contend that defendant "has not paid said judgment and upon information and belief[,] the Government objects to the payment of this judgment." (Dkt. #29, at 1).

## II. CONCLUSION

As previously indicated, in their motion, plaintiffs ask for the Court "to enforce the judgment and to compel . . . [d]efendant to pay the judgment plus interest at the judgment rate." (Dkt. #29, at 1). In its brief in opposition (Dkt. #30), the IRS argues that under the Offer in Compromise, submitted by PARCC on May 18, 2000 and accepted by the IRS on June 15, 2000, both of which were attached to the Stipulated Dismissal and Entry of Judgment and incorporated by reference therein, any refund due to plaintiff for earlier tax periods through the year 2000 would be retained by the IRS. (At 2). Specifically, Item 8(g) of PARCC's Offer in Compromise, provided, in bold print:

**The IRS will keep any refund, including interest, due to me/us**

---

| 940 | December 31, 1995 | $1,042.35 | June 24, 1996 |
| 940 | December 31, 1996 | $24,642.50 | November 9, 1998 |
| 940 | December 31, 1997 | $1,203.84 | May 24, 2000 |

(Stipulated Dismissal & Entry of Judgment at 3).

Plaintiff agreed to dismiss its claims for an overpayment for the penalties assessed against it for failure to file timely quarterly employment tax returns, and to pay and deposit employment taxes for the quarterly tax period ending December 31, 1997, for lack of jurisdiction. (Id.).

> **because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. . . .**

(emphasis in original). (See Dkt. #30, at 2). The IRS' acceptance letter repeated:

> Additionally, please remember that the conditions of the offer include the provision that as additional consideration for the offer, we will retain any refunds or credits that you may be entitled to receive for 2000 or for earlier tax years. This includes refunds you receive in 2001 for any overpayments you made toward tax year 2000 or toward earlier tax years.

(emphasis in original). (See Dkt. #30, at 20). Thus, the IRS maintains that no refunds were due plaintiffs as a result. (Id. at 4).

In their reply brief (Dkt. #35), plaintiffs argue that the IRS' argument is contrary to the clear language of the Stipulated Dismissal and Entry for Judgment (at 4-6), the Government is equitably estopped from refusing to pay the judgment and the Court is without jurisdiction to do anything but enforce the judgment (at 6), the IRS should have raised this issue as a defense to the litigation or the instant motion (at 6-8), and the judgment is now res judicata, so that all defenses are waived (at 8-9).

In its surreply brief (Dkt. #36), the IRS contends that the principle of equitable estoppel is not applied to the United States in the same manner as it applies to private citizens, but instead must be invoked against the federal government only "with utmost caution and restraint[,]" (at 1-2)(citing Estate of Carberry v. Comm'r, I.R.S.,933 F.2d 1124, 1127 (2d Cir. 1991); U.S. v. Boccanfuso, 882 F.2d 666, 670 (2d Cir. 1989); Ranciato v. U.S., No. 00 CV 1024(JCH), 2001 WL 58827, at *4 (D. Conn. Jan. 23, 2001) and other cases), that the principle of equitable estoppel is inappropriate here in that plaintiffs' counsel was advised orally and in writing (in the three documents) that any refunds due to PARCC would be

5

retained by the IRS (at 2-3), and that defendant did not waive any affirmative defense of setoff because of the language in the Stipulated Dismissal and Entry of Judgment (at 3-4).

Largely for the reasons stated in the Government's two briefs (Dkts. ##30 & 36), plaintiffs' Motion to Enforce Judgment (Dkt. #29) is <u>denied</u>.

### III. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Enforce Judgment (Dkt. #29) is <u>denied</u>.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 14th day of August, 2007.

_/s/_____
Joan Glazer Margolis
United States Magistrate Judge