# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------------------x
```
PARCC HEALTH CARE, INC.,

                                Plaintiff,

No. 3:01CV00379 (JBA)

-against-

UNITED STATES OF AMERICA,
COMMISSIONER OF INTERNAL REVENUE,
and DEPARTMENT OF THE TREASURY,

                                Defendants.
```
------------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGES RECOMMENDED RULING ON PLAINTIFFS MOTION TO ENFORCE SETTLEMENT

The plaintiff, PARCC Health Care Inc., by its undersigned counsel, hereby files this Memorandum of Law in Support of Plaintiff's Objection to Magistrate Judge's Ruling on Plaintiff's Motion to Enforce Judgment.

## FACTS:

Plaintiff PARCC Health Care, Inc. ("PARCC") filed suit against the IRS seeking a refund of certain penalties assessed against PARCC for certain returned checks, failure to timely file quarterly federal employment tax returns, and failure to deposit and pay employment taxes withheld from the employees of PARCC for the quarterly tax periods ending September 30, 1995, December 31, 1995, March 31, 1996, June 30, 1996, December 31, 1996, March 31, 1997, June 30, 1997, and December 31, 1997. All of the underlying taxes were fully paid. PARCC sought refund of the penalties only. PARCC also sought a refund for penalties assessed for failure to timely file certain annual federal employment tax returns, and failure to timely deposit

and pay unemployment taxes withheld from the employees of PARCC for the tax years ending December 31, 1995, December 31, 1996, and December 31, 1997.

Pursuant to the Internal Revenue Code, employers are required to deduct and withhold Federal Income tax and Federal Insurance Contribution Act tax (FICA), Federal Unemployment Tax Act taxes (FUTA), and Medicare taxes from the wages paid to its employees. These withheld taxes are held by the employer in trust for the benefit of the United States at approved banks during the appropriate calendar quarter. Employers are also required to file quarterly employment tax returns with respect to both the employer's and employees' share of the FICA and Medicare taxes, with payment of the taxes due. Employers also must file annual unemployment tax returns, with payment of the taxes due. If an employer fails to pay or deposit the required taxes, and the employer shows that such a failure is due to reasonable cause *and* not due to willful neglect, the employer is not subject to civil penalties pursuant to the Internal Revenue Code.  In this case, the Plaintiff alleged there was "reasonable" cause for its defaults. The IRS and PARCC were at issue over whether reasonable cause existed as to the refund or about the penalties.

The United States moved for summary judgment as a matter of law claiming that the plaintiff could not sustain the heavy burden of establishing reasonable cause.  Plaintiff filed a motion for summary judgment – also claiming judgment as a matter of law. Plaintiff is the owner and operating company for Astoria Park, which is a skilled nursing home facility located in Bridgeport, Connecticut. Plaintiff contended that reasonable cause existed for a refund of the penalties due to the mismanagement by its chief financial officer (CFO) at the time the penalties arose and that certain business downturns, in particular, Government "take backs" of Medicare and Medicaid reimbursement beyond the control of the Plaintiff.

PARCC has been owned by Donald Franco since April 1985. Franco is the president, chief executive officer and sole shareholder of PARCC, and he and his wife are the sole members of PARCC's board of directors.

The trial court resolved the matter by stipulation shortly after the Court ruled on the parties respective motions for summary judgment. The trial court ruled on the motions as follows:

> In *Fran Corp.,* the Second Circuit noted that "it will be the rare case where the government is made the 'unwilling partner in a floundering business,' without the employer incurring the duty to pay a penalty for having made such a choice, but it nonetheless remains for the court in each case to weight all of the factors identified in the Regulations." 164 F.3d at 819 (*quoting Brewery, Inc. v. United States,* 33 F.3d 589, 593 (6th Cir.1994)). PARCC argues that the nursing home industry is so highly regulated that the Government – although admittedly not the IRS – is more akin to a voluntary partner in a struggling industry. According to PARCC, it would have been subject to federal civil and/or criminal penalties if it used the Medicare funding to pay taxes rather than for patient care and state Department of Health standards impose minimum staffing and other requirements. Thus, PARCC maintains that the unexpected reduction in rates in 1994 and the "take backs" created financial difficulties that it struggled to overcome for several years. The Government has not rebutted this claim of financial hardship with evidence that PARCC's expenditures were not necessary, or would not have resulted in even more detrimental "take backs."
>
> Whether reasonable cause exists is a question of fact, and on this record, neither the Government nor PARCC has shown that, drawing all inferences in the favor of the other party, a reasonable fact-finder would be compelled to conclude that either PARCC would have had such an undue burden if it had timely complied with its tax requirements that is had reasonable cause or that PARCC's conduct was so lacking in diligence that it lacked reasonable cause as a matter of law. Thus, the Court concludes that whether or not PARCC's financial difficulties establish reasonable cause and not willful neglect for the failure to pay corporate taxes and to deposit withholding taxes and to deposit withholding taxes remains a disputed issue for trial.

The District Court concluded:

> For the reasons set forth above, PARCC's motion for summary judgment [#21] is DENIED. The Government's motion for summary judgment [#16] is GRANTED IN PART as to the claims for refunds of penalties based on the failure to file tax returns and bounced checks, and is DENIED IN PART as to the claims for refunds of penalties based on the failure to timely pay taxes.

After the District Court ruled upon the Summary Judgment Motion of the United States and on the Cross-Motion filed by the Plaintiff, the Government stipulated to the judgment as to the specific penalties that the District Court allowed to remain in the case.

The Court's judgment stated as follows:

> It is hereby stipulated and agreed that, pursuant to 26 U.S.C. §§6621, and 6622, and 28 U.S.C. §1961(c), judgment may be entered in favor of the plaintiff, PARCC Health Care Inc., and against the United States of America, on plaintiff's claims to an overpayment of the penalties assessed against plaintiff for failure to pay employment taxes (Form 941) withheld from Plaintiff's employees for the following quarterly tax periods, and for the penalties assessed against plaintiff for failure to pay employment taxes (Form 940) withheld from the plaintiff's employees for the following tax years, for an overpayment in the following amounts, plus interest from the following dates of payment. Such overpayment is subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was Accepted by the Internal Revenue Service on June 15, 2000, copies of which are attached hereto, as well as any other provisions of law.

| Form | Tax Period Ending | Penalty Amount | Date of Payment |
|------|-------------------|----------------|-----------------|
| 941 | September 30, 1995 | $375.49 | July 18, 1996 |
| 941 | December 31, 1995 | $9,423.55 | April 26, 1999 |
| 941 | March 31, 1996 | $6,466.38 | October 17, 1997 |
| 941 | December 31, 1996 | $3,233.65 | August 10, 1998 |
| 941 | March 31, 1997 | $285.19 | February 17, 1998 |
| 941 | June 30, 1997 | $1,016.64 | June 9, 1998 |
| 940 | December 31. 1995 | $156.35 | June 24, 1996 |

4

| | | | |
|---|---|---|---|
| 940 | December 31, 1996 | $42.12 | November 9, 1998 |
| 940 | December 31, 1997 | $281.99 | May 24, 2000 |

It is hereby stipulated and agreed that, pursuant to 26 U.S.C. §§6621, and 6622, and 28 U.S.C. §1961(c), judgment may be entered in favor of the plaintiff, PARCC Health Care Inc., and against the United States of America, on plaintiff's claims to an overpayment of the penalties assessed against plaintiff for failure to deposit employment taxes (Form 941) withheld from the plaintiff's employees for the following quarterly tax periods, and for the penalties assessed against plaintiff for failure to deposit employment taxes (Form 940) withheld from the plaintiff's employees for the following tax years, for an overpayment in the following amounts, plus interest from the following dates of payment. Such overpayment is subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000, copies of which are attached hereto, as well as any other provisions of law.

| Form | Tax Period Ending | Penalty Amount | Date of Payment |
|---|---|---|---|
| 941 | September 30, 1995 | $13,755.27 | July 18, 1996 |
| 941 | December 31, 1995 | $37,496.17 | April 26, 1999 |
| 941 | March 31, 1996 | $28,367.98 | July 21, 1997 |
| 941 | June 30, 1996 | $7,839.94 | October 17, 1997 |
| 941 | December 31, 1996 | $15,586.05 | August 10, 1998 |
| 941 | March 31, 1997 | $6,017.13 | February 17, 1998 |
| 941 | June 30, 1997 | $26,439.85 | June 9, 1998 |
| 940 | December 31. 1995 | $1,042.35 | June 24, 1996 |
| 940 | December 31, 1996 | $24,642.50 | November 9, 1998 |
| 940 | December 31, 1997 | $1,203.84 | May 24, 2000 |

It is further hereby stipulated and agreed that in all other respects the plaintiff's action for overpayment is dismissed with prejudice, with each party to bear their respective costs, including any attorneys' fees or other expenses of this litigation, except that plaintiff's claim for an overpayment of the penalties assessed against plaintiff for failure to file

timely quarterly employment tax returns, to pay and deposit employment taxes withheld from the plaintiff's employees for the quarterly tax period ending December 31, 1997, is dismissed for lack of jurisdiction.

It is hereby further stipulated and agreed that the Court shall retain jurisdiction over the enforcement of this judgment.

## ARGUMENT

A.    THE MAGISTRATE JUDGE INCORRECTLY RULED THAT THE GOVERNMENT IS NOT EQUITABLY ESTOPPED FROM REFUSING TO PAY THE JUDGMENT AND THE COURT IS WITHOUT JURISDICTION TO DO ANYTHING BUT ENFORCE THE JUDGMENT.[1]

26 U.S.C. §7121 (1982) provides:

(a)    Authorization. – The Secretary or his delegate is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect to any internal revenue tax for any taxable period.

(b)    Finality. – If such agreement is approved by the Secretary or his delegate (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of material fact –

(1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and

(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

While a liberal reading of the Form 656 claimed by the Government to apply could lead

the Court to the conclusion that the judgment the Plaintiff seeks to enforce is unenforceable, in

---

[1] The Government's position that the language cited above in the Offer-In-Compromise between the IRS and PARCC for other time periods precludes enforcement of the judgment. The Government did not raise this as a defense to the action in the litigation. The only reference in the judgment is as to enforcement and there were no findings or stipulations to its effect. The issue is that the Government never litigated the issue and it is now too late. The Government essentially wanted to try the issue without evidence. Since it was not tried before, it is a new claim.

fact and law, however, this is not so.[2] The Government is, in effect, asserting a defense based upon the contract. That issue should have also been resolved by the Court. However, it was never submitted to the Court nor agreed upon by the parties. It was left apparently for some future decision. The Government did not raise the issue before nor did the Government seek a ruling.

Form 656 provides:

> The IRS will keep any refund, including interest, due to me-us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. This condition does not apply if the offer is based on Doubt as to Liability.

All that remains of the effect of this Agreement is a contractual defense because the judgment does *not* define what the effect of the paragraph is or how it affects the actual judgment. Those issues were left undecided. In fact, the stipulation contemplates some further action. However, it is too late to reuse the defense.

The District Courts' jurisdictional basis for resolving tax refund disputes is 28 U.S.C. §1346(a)(1), which states:

The district courts shall have original jurisdiction, concurrent with the

> United States Court of Federal Claims, of:

>> (1) Any civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. §1346(a)(1) provides the District Court with simple general jurisdiction over IRS refund suits. Thus, it would have been appropriate for the defense to have been raised in the

---

[2] The Judgment references the Offer-In-Compromise and provides no explanation as to how it affects the judgment. The legal and factual issues surrounding the language of the Offer-In-Compromise remain undecided.

proceeding. The U.S. Supreme Court has said of the District Court's jurisdiction in the refund

matters:

> Title 28 U.S.C. §1346(a)(1) gives district courts "jurisdiction,
> concurrent with the United States Court of Federal Claims," over "[a]ny
> civil action against the United States for the recovery of," among other
> things, "any internal-revenue tax alleged to have been erroneously or
> illegally assessed or collected." A taxpayer may bring such an action
> within two years after the IRS disallows the taxpayer's administrative
> refund claim. See 26 U.S.C. §§ 6532(a)(1)-(2); see also § 7422(a)
> (requiring a taxpayer to file the administrative claim before seeking
> a refund in court). An administrative refund claim, must, in turn, be
> filed within two years from the date the tax was paid or three years
> from the time the tax return was filed, whichever is later. See § 6511(a).

*EC Term of Years Trust v. United States,* _____U.S. _____ (April 30, 2007)

In this case, the Government defended on two theories. First the Government claimed

there was no "reasonable cause" for the plaintiffs' failures to file, pay taxes, and for bounced

checks. Secondly, the Government argued that there was no business downturn, not within the

control of the plaintiff, within the meaning of *FranCorp v. United States*, 165 F.3d 814, 819 (2nd

Cir. 1999). The Government raised no defenses related to their objection to this Motion to

Enforce Judgment. The issue was added to the judgment with no specific finding as to the effect

of the Offer-In-Compromise. Nor was the Court, by that action, given any guidance as to what to

do with the Offer-In-Compromise.  It is the Government's burden to prove the effect of the form

656 agreement.  The Government has not done so.

The judgment of the District Court is now Res Judicata. Because the Government never

raised the appropriate defenses and the Judgment does not even attempt to explain the effect of

Offer-In-Compromises, there is no way to determine their effect absent a trial. Moreover, the

failure to raise the defense in the litigation constitutes a waiver. As a result, the issue cannot now

be litigated.[3]

---

[3] The court in its Recommended Ruling Focuses on two issues. (1) the language of the Judgment and (2) the use of

Defenses and objections to personal jurisdiction (Rule 12(b)(2)), improper venue (Rule 12(b)(3)), insufficient process (Rule 12(b)(4)), and insufficient service rule (rule 12(b)(5)), are waived unless they are asserted by motion or pleading. Similarly a defendant's denials to the pleader's factual allegations, as well as the defendant's affirmative defenses are also waived if they are not asserted in the responsive pleading.  See, _Pusey v. Pallis Corp._, 938 F.2d 498 (4th Cir. 1991). The Government wanted to stipulate to a final judgment but litigate defenses later. The Court should not allow this.  This is not as the Magistrate's ruling suggests, simply an issue of estoppel.  The Judgment incorporates a contractual agreement with no findings of fact, or even a chance to litigate the issue of the Offer in Compromise.  It is not an estoppel issue, it is a due process.

Under Rule 8(c), an affirmative defense is any _fact_ asserted by the respondent that vitiates the opposing party's claim. Rule 8 (c) provides for the pleading of affirmative defenses. A party must raise and plead all affirmative defenses or they are waived. See, _McKinnon v. Kueng Wah Restaurant_, 88 F.3d, 468, 505 (1st Cir. 1999).

B. THE COURT ERRED IN DENYING THE MOTION TO ENFORCE BASED UPON A CONTRACTUAL CLAIM WITHOUT A FACTUAL DETERMINATION OF THE SET OFF TO BE GIVEN THE GOVERNMENT. THIS CONSTITUTES A DUE PROCESS VIOLATION.

The essential error the recommended ruling makes is that in order for the court to deny enforcement of the judgment, the court has to factually find that the contracted language of the offer in compromise bars the enforcement of the judgment and that all factual prerequisites have been met. The court cannot do that without a hearing. As a result, ruling in this posture would result in a violation of the Due Process clause of the U.S. Constitution.

---

the doctrine of estoppel as against the Government. The Court misses the point in regards to the Judgment. If the Judgment is in actually a subject to some sort of adjustment provided in a contract between the IRS and the taxpayer, the court must make some sort of factual determination that the set off is appeals. The court has not done so.

C.  THE JUDGMENT IS IN A LIQUIDATED AMOUNT AND CANNOT BE
    MODIFIED BY A SEPARATE AND DISTINCT CONTRACTUAL AGREEMENT

The Judgment is final, liquidated and definite.  Once entered the Court cannot vary the

Judgment absent some factual and legal findings.  The contractual obligation the Government

asks the Court to enforce is unliquidated, unlitigated, and Court has no evidentiary basis to

enforce.  The reference to this obligation cannot vary the enforcement of the Judgment.  The

judgment document must clearly state which parties are entitled to what relief.  Proper

Judgments say who is liable for how much, then stop.  *Citizens Elec. Corp. v. Bituminous Fire*

*and Marine Ins. Co.* 68 F. 3rd. 1016, 1021 (7th Cir. 1995).

## <u>CONCLUSION:</u>

For all the reasons set forth above, the Court should overrule the Government's objection

and grant the Plaintiff's Motion to Enforce.


THE PLAINTIFF



By: <u>/s/ Kenneth A. Votre</u>
    Kenneth A. Votre (ct05981)
    Votre & Associates, P.C.
    201 Orange Street
    New Haven, CT 06510
    Tel. (203) 498-0065
    Fax (203) 821-3595

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007 a copy of the foregoing was filed

electronically and served by mail on anyone unable to accept electronic filing. Notice of this

filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the Court's CM/ECF System.

THE PLAINTIFF

By /s/ Kenneth A. Votre
    Kenneth A. Votre (ct05981)
    Votre & Associates, P.C.
    201 Orange Street
    New Haven, CT 06510
    Tel. (203) 498-0065
    Fax (203) 821-3595