IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARCC HEALTH CARE, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> COMMISSIONER OF INTERNAL : <br> REVENUE, and DEPARTMENT OF : <br> THE TREASURY, : <br> : <br> Defendants. : <br> _____: | Civil No. 3:01CV00379 <br> Honorable Janet Bond Arterton |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDED RULING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

The United States, by its undersigned counsel, responds to plaintiff's Memorandum of Law in Support of Plaintiff's Objection to Magistrate Judge's Recommended Ruling on Plaintiff's Motion to Enforce Settlement (hereinafter "memorandum") in the above-captioned proceeding.

**FACTUAL BACKGROUND**

Plaintiff commenced this action seeking a refund of penalties assessed by the IRS for returned checks, failure to timely file quarterly employment tax returns, failure to deposit and pay employment taxes withheld from the plaintiff's employees for the quarterly tax periods September 30, 1995, December 31, 1995, March 31, 1996, June 30, 1996, December 31, 1996, March 31, 1997, June 30, 1997, and December 31, 1997. Plaintiff also sought a refund for penalties assessed for failure to timely file annual federal unemployment tax returns and failure to timely deposit and pay unemployment taxes for the tax years ending December 31, 1995,

December 31, 1996, and December 31, 1997.

On July 1, 2002, the Court granted the United States' Motion for Summary Judgment with respect to the penalties for plaintiff's failure to file employment tax returns and for bouncing checks, and denied the United States' Motion for Summary Judgment with respect to the failure to timely pay and deposit employment taxes. *See* Dkt. No. 27.  Thereafter, during trial preparations, counsel for the United States learned that an offer in compromise had been submitted by plaintiff on May 18, 2000, and accepted by the IRS on June 15, 2000.  Pursuant to the terms of that offer in compromise, any refund due to plaintiff for earlier tax periods through the year 2000 would be retained by the IRS.  Thus, any refunds due plaintiff in connection with its lawsuit would ultimately be retained by the IRS.  In the interests of judicial economy, because the United States was entitled to any refund anyway, the United States stipulated to dismiss this proceeding and for the entry of judgment against it for overpayment of the remaining liabilities at issue, subject to the rights and obligations of the offer in compromise.[1]  *See* Dkt. No. 28.  Copies of the offer in compromise and acceptance letter were attached to the Stipulated Dismissal and Entry of Judgment that was entered by the Court on July 18, 2002.  *See id.*

On March 2, 2007, plaintiff moved to enforce the judgment entered by the Court and sought to compel the United States to pay the judgment plus interest at the judgment rate.  *See* Dkt. No. 29.  The United States responded that the motion should be denied because no amounts were due to plaintiff since the IRS was entitled to retain any refunds pursuant to the earlier offer in compromise submitted by plaintiff and accepted by the IRS, as specifically stated in the

---

[1] The plaintiff agreed to dismiss its claims for an overpayment for the penalties assessed against it for failure to file timely quarterly employment tax returns, to pay and deposit employment taxes for the quarterly tax period ending December 31, 1997, for lack of jurisdiction.

judgment entered by the Court.  *See* Dkt. No. 30.  Plaintiff subsequently filed a memorandum in further support of its motion on May 8, 2007, and argued that the United States was equitably estopped from refusing to pay the judgment because it did not raise setoff as an affirmative defense and that all defenses were waived because the judgment was *res judicata*.  *See* Dkt. No. 35.  The United States replied that the doctrine of equitable estoppel did not apply against the United States nor was there any showing of misrepresentation or affirmative misconduct by the United States, and the United States did not waive the affirmative defense of setoff because plaintiff consented to the defense by stipulating to the terms of the judgment without objection.  *See* Dkt. No. 36.

The Court referred plaintiff's motion to Magistrate Judge Margolis for a ruling on June 21, 2007.  *See* Dkt. No. 37.  On August 15, 2007, Magistrate Judge Margolis recommended that the plaintiff's motion should be denied largely for the reasons cited in the United States' briefs.  *See* Dkt. No. 38.  On September 4, 2007, plaintiff filed its objections to the recommendation of Magistrate Judge Margolis.  *See* Dkt. Nos. 39, 40.  In addition to repeating its arguments that the United States is equitably estopped from refusing to pay the judgment and that the Court lacks jurisdiction to do anything but enforce the judgment, plaintiff also argues that denial of its motion would violate its due process rights and that the judgment cannot be modified by a separate contractual agreement.  As discussed more fully below, these arguments cannot withstand scrutiny.   Plaintiff's objections should be overruled and the recommendation of Magistrate Judge Margolis should be adopted by the Court.

## ARGUMENT

**I.     No amounts are due to the plaintiff pursuant to the judgment.**

It is well-settled that a compromise settlement of tax liabilities, conforming to the

requirements of 26 U.S.C. § 7122, is a binding contract. *See Cooper Agency v. United States*, 301 F. Supp. 871, 875 (D.S.C. 1969), *aff'd*, 422 F.2d 1331 (4th Cir. 1970). *See also Waller v. United States*, 767 F. Supp. 1042 (E.D. Cal. 1991).

Plaintiff offered to compromise the unpaid tax liabilities for the Plaintiff's Form 941 quarterly employment tax liabilities for the periods ending September 30, 1997, December 31, 1997, March 31, 1998, June 30, 1998, September 30, 1998, December 31, 1999, March 31, 2000, and the plaintiff's Form 940 annual unemployment tax liability for the period ending December 31, 1998, for the amount of $800,000.00, which would be paid in monthly payments in the amount of $7,339.45, commencing on May 20, 2000, and running for 109 consecutive months. The terms of the agreement between the IRS and plaintiff also clearly provided that the right to retain any refunds or credits that plaintiff was due "for 2000 or for earlier tax years," constituted "additional consideration" for plaintiff's offer. Indeed, Item 8(g) of plaintiff's offer in compromise stated, in bold print:

> **The IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. This condition does not apply if the offer is based on Doubt as to Liability.**

Further, the IRS's acceptance letter also stated, in part:

> Additionally, please remember that the conditions of the offer include the provision that *as additional consideration for the offer, we will retain any refunds or credits that you may be entitled to receive for 2000 or for earlier tax years*. This includes refunds you receive in 2001 for any overpayments you made toward tax year 2000 or toward earlier tax years. (Emphasis added.)

Thus, any refund recovered by plaintiff through this action was to be retained by the IRS as consideration in addition to the $800,000.00 offered by plaintiff in its offer in compromise.

Indeed, the Stipulated Dismissal and Entry of Judgment entered in this action specifically stated that the plaintiff's claims to an overpayment for the liabilities at issue in this case were "subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000." Thus, while judgment was entered in favor of the plaintiff on its claims to an overpayment, the IRS was entitled to retain any overpayments that plaintiff was due in accordance with the terms of the offer in compromise.

Plaintiff argues that the reference to the contractual obligation "cannot vary the enforcement of the Judgment" and that the judgment, because it is in a liquidated amount, cannot be modified by a separate and distinct contractual agreement. Mem., p.10. This argument, however, blithely ignores the fact by the terms of the offer in compromise the judgment was explicitly made subject to the offer in compromise which was submitted by the plaintiff and accepted by the IRS, and as such, is part of the judgment, not a modification of the judgment. Plaintiff consented to the terms of the judgment, which as plaintiff notes, is final and definite.[2]

## II.    Equitable estoppel does not apply here.

Plaintiff also argues that the Magistrate Judge incorrectly recommended that the United States is not equitably estopped from refusing to pay the judgment and that the Court lacks jurisdiction to do anything but enforce the judgment. Mem., p. 6. This argument is not well-taken because the doctrine of equitable estoppel is inapposite here. The principle of equitable

---

[2] To the extent plaintiff seeks relief from the judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure based upon mistake, inadvertence, surprise or excusable neglect, plaintiff is plainly out of time. Rule 60(b) specifically states that such a motion "shall be made within a reasonable time," and, for motions under Rule 60(b)(1), not more than one year after the judgment was entered or taken. The judgment was entered by the Court nearly five years ago. Clearly such relief is untimely.

estoppel is not applied to the United States on the same terms as it is to private citizens. *See United States v. Boccanfuso*, 882 F.2d 666, 670 (2d Cir. 1989); *see also Heckler v. Commun. Health Servs.*, 467 U.S. 51, 60 (1984). Equitable estoppel is to be applied against the United States "with utmost caution and restraint." *Estate of Carberry v. Commissioner*, 933 F.3d 1124, 1127 (2d Cir. 1991); *Ranciato v. United States*, 2001 WL 58827, *4 (D. Conn. Jan. 23, 2001) (Hall, J.). The party claiming the estoppel must have relied on its adversary's conduct "in such a manner as to change his position for the worse. . . and that reliance must have been reasonable in that the party claiming estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler*, 467 U.S. at 59. In addition, where the proffered justification for estoppel is a government misdeed, some form of affirmative misconduct is generally required; negligence alone is insufficient to justify the application of equitable estoppel against the government. *See Azizi v. Thornburg*, 908 F.2d 1130, 1136 (2d Cir. 1990).

Here, plaintiff does not assert, nor can it assert, any misrepresentation or affirmative misconduct by the United States in this proceeding. Prior to trial, the United States informed counsel for plaintiff that, even if the plaintiff prevailed in the lawsuit, any refunds due to the plaintiff would be retained by the IRS based upon the terms of the offer in compromise submitted by the plaintiff and accepted by the IRS. In the interests of judicial economy, plaintiff and the United States subsequently agreed to a Stipulated Dismissal and Entry of Judgment, which was subject to the rights and obligations of the offer in compromise. Should plaintiff contend that it was somehow misled because the United States' answer or motion for summary judgment did not include the affirmative defense of a setoff, any inadvertent failure of the United States to amend its answer to include this affirmative defense clearly cannot rise to the level of misrepresentation or affirmative misconduct. Thus, the doctrine of equitable estoppel is

inappropriate here.

**III.   The United States has not waived the affirmative defense of setoff.**

Plaintiff also contends that the United States waived the affirmative defense of setoff by failing to raise it in its pleadings or its summary judgment. Mem., pp. 8-9. This contention is belied by the fact that plaintiff consented to the defense by stipulating to the terms of the judgment without objection. The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). An affirmative defense is not waived to the extent that the party who should have pled the defense introduces evidence in support thereof without objection by the adverse party or that the opposing party's own evidence discloses the defense, necessarily indicating his express consent. *Fed. Sav. & Loan Ins. Corp. v. Hogan*, 476 F.2d 1182, 1187 (7th Cir. 1973). Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise. *Tillman v. Nat'l City Bank of New York*, 118 F.2d 631, 635 (2d Cir. 1941); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855 (5th Cir. 1983) ("Where [an affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with Rule 8(c) is not fatal").

There has been no waiver here. Plaintiff cannot claim unfair surprise when it consented, without any objection, to the defense by agreeing to the language of the proposed judgment that specifically incorporated the terms of the offer in compromise. While plaintiff's memorandum incredulously contends that the terms of the offer in compromise were "never submitted to the

Court nor agreed upon by the parties," this contention is undermined by the fact that plaintiff *stipulated* to the terms of the judgment. The judgment specifically stated that the plaintiff's claims to an overpayment for the liabilities at issue were "subject to the rights and obligations of the Offer in Compromise submitted by Plaintiff on May 18, 2000, which was accepted by the Internal Revenue Service on June 15, 2000." As such, plaintiff expressly consented to the defense by agreeing to the terms of the judgment.

Plaintiff's argument that the judgment "does not even attempt to explain the effect of Offer-In-Compromises," and that "there is no way to determine the effect absent a trial," is bereft of merit. Had plaintiff wanted a judicial determination or some other factual determination as to the effect of the offer in compromise, then it should not have agreed to dismiss this proceeding before such a determination could be made.³ Plaintiff failed to do so. Plaintiff clearly knew about the terms of the offer in compromise that it submitted to the IRS. Plaintiff cannot claim that it was unfairly surprised when it agreed to the terms of the judgment. Similarly, plaintiff cannot claim that its due process rights would be violated if its motion were denied without a factual determination of setoff. Because the United States has not waived the affirmative defense of setoff, plaintiff's motion should be denied.

---

³ Further, the record is bereft of any indication that a factual determination with respect to the offer in compromise is warranted in the first instance. Plaintiff has presented not one scintilla of evidence showing fraud or mutual mistake of fact in its attempt to renege upon the offer in compromise that is referenced in the judgment. *See* 26 C.F.R. § 301.7122-1(e)(5); *Waller v. United States*, 767 F. Supp. 1042, 1045 (E.D. Cal. 1991). Plaintiff's nebulous contention that a factual determination is warranted because the judgment is subject to "some sort of adjustment" due to the language of the offer in compromise submitted by the plaintiff and accepted by the IRS also lacks merit. Mem. n.8. Pursuant to the terms of the offer in compromise submitted by the plaintiff and accepted by the IRS, the IRS is entitled to retain any refunds from the plaintiff, including any refunds received from the outcome of this litigation, and therefore, no "adjustment" warranting a factual determination is necessary.

**CONCLUSION**

The Stipulated Dismissal and Entry of Judgment was entered by the Court on July 15, 2002.  Nearly five years later, plaintiff now asks the Court to allow it to renege upon its earlier settlement agreement with the IRS by forcing the United States to pay amounts that the United States was entitled to retain under the settlement, based solely upon a mere technicality.  Plaintiff cannot claim it was unfairly surprised by the incorporation of the terms of the settlement agreement in the judgment when plaintiff agreed to the terms of the judgment without objection.  As such, for the reasons set forth above, plaintiff's objections should be overruled.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    United States Attorney

    */s/Elizabeth Lan Davis*
    ELIZABETH LAN DAVIS
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Washington, D.C.  20044
    Telephone: (202) 307-6550
    Facsimile: (202) 514-5238
    E-Mail: Elizabeth.Lan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PARCC HEALTH CARE, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV00379 |
| | : | Honorable Janet Bond Arterton |
| UNITED STATES OF AMERICA, COMMISSIONER OF INTERNAL REVENUE, and DEPARTMENT OF THE TREASURY, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 19, 2007, a copy of the foregoing United States' Response to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Enforce Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          */s/Elizabeth Lan Davis*
                                                          ELIZABETH LAN DAVIS
                                                          Trial Attorney, Tax Division
                                                          U.S. Department of Justice
                                                          Post Office Box 55
                                                          Washington, DC 20044
                                                          Telephone: (202) 307-6550
                                                          Facsimile: (202) 514-5238
                                                          E-Mail: Elizabeth.Lan@usdoj.gov