```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PARCC HEALTH CARE, INC.,              :
       Plaintiff,                     :
                                      :     No. 01-cv-379 (JBA)
v.                                    :
                                      :
UNITED STATES OF AMERICA,             :
COMMISSIONER OF INTERNAL REVENUE,     :
AND DEPT. OF THE TREASURY,            :
       Defendants.                    :
```

**RULING ON MAGISTRATE JUDGE'S RECOMMENDED RULING ON PLAINTIFF'S MOTION TO ENFORCE JUDGMENT [DOCS # 29, 38]**

Plaintiff PARCC Health Care, Inc. filed this action on Mar. 9, 2001, seeking refund of $261,850.04 for "the recovery of penalties wrongfully assessed and collected" by the Internal Revenue Service in a period ranging from 1986 - 1998, Compl. at ¶ 5. The parties do not dispute that PARCC paid the disputed penalties prior to filing suit, nor does PARCC contest its commission of the underlying violations for which the penalties were assessed – thus, the sole issue in the litigation is the propriety of the IRS's assessment of the penalties.

In the spring of 2002, the parties cross-moved for summary judgment on the issue of PARCC's liability for the penalties. On July 1, 2002, this Court denied PARCC's motion for summary judgment in its entirety, Summ. Judg. Rul. at 23, granted summary judgment to the United States on penalties assessed for late-filed tax returns and bounced checks, id. at 15, but denied the government summary judgment on the question of whether PARCC's

1

failure to remit certain funds was excused by reasonable cause, id. at 20, or constituted willful neglect, id. at 22.

Shortly thereafter, however, the government apparently decided that defending the case was pointless, as "during trial preparations, counsel for the United States learned that an offer in compromise had been submitted by [PARCC] on May 18, 2000" and accepted by the IRS a month later, Def.'s Resp. to Obj. at 2. As one court has explained, an offer in compromise "is a contract between a taxpayer and the IRS in which the IRS agrees to accept a payment different from what the taxpayer owes," Begner v. United States, 428 F.3d 998, 1004 (11th Cir. 2005). As the offer in compromise at issue here dictated that the IRS would keep "any refund, including interest, due to [PARCC] because of overpayment of any tax or other liability" made by PARCC during the tax years preceding and including 2000, Stip. of Dismissal at 6 (emphasis added), the government decided "[i]n the interests of judicial economy, because the United States was entitled to any refund anyway," to enter into a stipulation of dismissal with PARCC, Def.'s Resp. to Obj. at 2. The parties thus agreed to a stipulation of dismissal, which this Court endorsed on July 18, 2002 [Doc. # 28], prior to closing the case.

Although this Court's Stipulated Dismissal and Entry of Judgment Order entered judgment for PARCC on its claims, the order explicitly noted that entry of judgment on PARCC's claims occurred "subject to the rights and obligations of the Offer in Compromise" entered into by the parties on June 15, 2000, and

attached to the Court's order, Stip. of Dismissal [Doc. # 28] at 2.

PARCC does not dispute the validity of the offer in compromise, but nonetheless moved to enforce judgment on Mar. 2, 2007, believing the IRS to owe it monies for the overpayments on which this Court entered judgment in its favor in June 2000. Magistrate Judge Margolis recommended on August 15, 2007 that PARCC's motion be denied [Doc. # 38], and PARCC filed its objections to the Magistrate Judge's recommendation on Sept. 4, 2007, arguing that the effect of the Offer of Compromise "was never submitted to the Court nor agreed upon by the parties," Pl.'s Obj. at 7, and that there is "no way to determine" the effect of the Offer of Compromise "absent a trial," id. at 8.

This Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge, 28 U.S.C. § 636(b)(1)(C). A settlement agreement "is a contract that is interpreted according to general principles of contract law," which, once entered into, "is binding and conclusive," Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007) (internal citation omitted). When reviewing contested contracts, "[t]he question of whether the language of a contract is clear or ambiguous is a question of law to be decided by the court," Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 158 (2d

Cir. 2000), and this Court is guided by the Second Circuit's teaching that "language is not ambiguous when it has a definite and precise meaning, unattended by danger of misconception," Seiden Assoc., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992).

Here, PARCC correctly notes that judgment was entered in its favor on two groups of payments listed in the order of stipulated dismissal.  However, the language entering judgment in favor of PARCC on both sets of payments states that the amounts listed are "subject to the rights and obligations of the Offer in Compromise" signed by the parties and attached to the stipulation of dismissal.  The offer of compromise sets forth that the IRS is entitled to keep any overpayment for years up to and including 2000, and the letter from the IRS to PARCC which accompanied the offer of compromise explicitly advises that the IRS "will retain any refunds or credits that you may be entitled to receive for 2000 or for earlier tax years," Stip. of Dismissal at 9.  Whether or not PARCC understood during settlement negotiations that it would not be able to collect any overpayments or penalties paid for tax years up to and including 2000, it signed and presented to this Court a stipulation of dismissal which, together with the incorporated offer of compromise, contains four separate, clearly-stated provisions specifying that PARCC would not be entitled to refund of those amounts.  Given the simplicity of the language contained in the stipulation and the offer of compromise, there is no ambiguity in the stipulation of dismissal

which would warrant further proceedings.  Therefore, mindful that "[w]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect," <u>United States v. Bank of New York</u>, 14 F.3d 756, 759 (2d Cir. 1994), PARCC's motion will be denied.

<u>Conclusion</u>

For the foregoing reasons, the Magistrate Judge's recommended ruling [Doc. # 38] is APPROVED AND ADOPTED, and the plaintiff's motion to enforce judgment [Doc. # 29] is DENIED.

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut, this 1st day of November, 2007.